JACKSONWHITE
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Email: centraldocket@jacksonwhitelaw.com
Attorneys for Debtors Garrett Wade Harrison and Kiresten Kei Harrison
By: Kelly G. Black 016376

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Garrett Wade Harrison and Kiresten Kei Harrison,<br><br>Debtors. | No. 2:11-bk-06877-GBN<br><br>Proceedings under Chapter 11<br><br>Application for Appointment of Attorneys for Debtors-in-Possession Pursuant to Rule 2014<br><br>Assigned to: Honorable George B. Nielsen, Jr. |

Pursuant to section 327(a) of the Bankruptcy Code, and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Debtors Garrett Wade Harrison and Kiresten Kei Harrison, (hereinafter "Debtors-in-Possession"), hereby apply for authority to employ Kelly G. Black and the law firm of Jackson White, P.C. ("Counsel"), as counsel for the Debtors under a retainer for services rendered and to be rendered during the pendency of this Chapter 11 proceeding. In support of this application, the Debtors allege as follows:

1. That Debtors have filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code"). Pursuant to sections 1107 and 1108 of the Code, the Debtors are conducting their affairs as Debtors-in-Possession.

2. That no trustee, examiner or creditors' committee has been appointed in this case.

3. That Debtors desire to retain Counsel because Counsel practices in the area of Chapter 11 bankruptcy and because the assistance of counsel is necessary in order to faithfully execute Debtors' duties as Debtors-in-Possession. As bankruptcy counsel, Counsel will assist the Debtors in taking all necessary action to protect and preserve the estate, in negotiating with creditors and other parties in interest, in advising the Debtors in connection with this

Page 1

Case 2:11-bk-06877-GBN    Doc 63    Filed 11/23/11    Entered 11/23/11 15:26:43    Desc
Main Document    Page 1 of 4

proceeding, in preparing the plan of reorganization and disclosure statement, in preparing any necessary pleadings and attending court hearings thereon, and in performing other legal services normally incident to Chapter 11 cases.

4. That to the best of the Debtors' knowledge, Counsel and all of the attorneys associated at Jackson White, P.C. are "disinterested persons" as that term is defined in section 101(14) of the Code, and neither Counsel nor any of the attorneys at Counsel hold any interest materially adverse to the estate. To the best of Debtors' knowledge, Jackson White, P.C. and its attorneys have no connections with the Debtors, creditors, other parties in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, except as follows:

   a. In 2007, William Monahan, then employed by Jackson White, P.C., briefly advised Debtors and assisted them in connection with non-litigated business disputes involving Fire Water Storm Construction, LLC, a limited liability company the Debtors managed at the time.

   b. Within the last year, John Skiba, then employed by Jackson White, P.C., advised Debtors in connection the preparation of their Chapter 13 petition and related pre-petition services.

   c. About a month after the Debtors' Chapter 13 petition was filed, Mr. Skiba left the employment of Jackson White, P.C. Mr. Skiba continued to serve as counsel for Debtors with his new employer, Skiba Law Group, PLC.

   d. Beginning October 5, 2011, Kelly Black and Jackson White, P.C. consulted with Mr. Skiba and with Debtors about the possible necessity of converting their case to one under Chapter 11. A motion to convert was filed on October 19, 2011.

   e. Jackson White, P.C. previously represented one of Debtors' creditors, Kilpatrick, Luster & CO., CPA, PLLC in matters unconnected to the Debtors' affairs.

   f. Jackson White, P.C. also previously represented JPMorgan Chase Bank, NA in defense of wrongful foreclosure claims. JPMorgan Chase Bank, NA is believed to be related to Chase Bank USA, NA, which assigned a claim to, or hired for collection,

1 | American Credit & Collections, LLC. The representation was in matters unconnected to
2 | the Debtors' affairs.
3 | 5. That Debtors believe that the employment of Jackson White, P.C. and its
4 | attorneys would be in the best interest of the estate.
5 | 6. That subject to this Court's jurisdiction with respect to professional fees, the
6 | Debtors have agreed to compensate Counsel for its services at its usual hourly rates in effect at
7 | the time services are rendered. The Debtors also agreed to reimburse Counsel in full for its cash
8 | disbursements and for such expenses as Counsel customarily bills to its clients. The Debtors
9 | agreed to pay Counsel promptly upon allowance by the Court after appropriate application and
10 | notice. The Debtors agreed that such payments shall be made by Debtors, upon allowance, from
11 | the property of the estate and not applied by Counsel from the retainer, except at the conclusion
12 | of the case or at the election of Counsel.
13 | 7. That Debtors are informed that the normal hourly billing rates of Jackson White,
14 | P.C. range from $65 to $400 per hour, and that rates specific to the bankruptcy practice are
15 | generally between $125 per hour for paralegals and $295 per hour for attorneys. Debtors are
16 | informed and believe that the hourly rates are reasonable and comparable to rates charged by
17 | other attorneys in the Phoenix metropolitan area.
18 | 8. That Counsel has agreed not to share with any person or firm the compensation to
19 | be paid for services rendered in connection with this case.
20 | 9. That all attorney members of Jackson White, P.C. who will appear in this case are
21 | licensed to practice before this Court.
22 | WHEREFORE, Debtors pray for an order appointing Kelly G. Black and the law firm of
23 | Jackson White, P.C. as Debtors' attorneys, to render the services described above with
24 | compensation to be paid, at the rates and on the terms described above, as an administrative
25 | / / /
26 |
27 |
28 |

expense in such amounts as this Court may hereafter determine and allow upon application to be filed by said attorneys.

DATED this 23 day of November, 2011.

Debtors Garrett Wade Harrison and Kiresten Kei Harrison

By: _____

By: _____

COPY of the foregoing mailed this 23rd day of November, 2011 to:

Office of the U.S. Trustee
230 N. First Avenue, Ste. 204
Phoenix, AZ 85003-1706

By: _____
AppAppt.wfm