# JACKSONWHITE
## ATTORNEYS AT LAW
### A Professional Corporation

40 North Center Street, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Email: centraldocket@jacksonwhitelaw.com
Attorneys for Debtors Garrett Wade Harrison and Kiresten Kei Harrison
By:     Kelly G. Black 016376

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>Garrett Wade Harrison and Kiresten Kei Harrison,<br><br>Debtors. | No. 2:11-bk-06877-GBN<br><br>Proceedings under Chapter 11<br><br>**Verified Statement of Professional Pursuant to FRBP 2014 and 2016**<br><br>Assigned to: Honorable George B. Nielsen, Jr. |

STATE OF ARIZONA   )
                                       ) ss.
COUNTY OF MARICOPA  )

   I, Kelly G. Black, being duly sworn, depose and state:

   1.    I am an attorney at the law firm of Jackson White, P.C. (the "Firm") and make this Verified Statement pursuant to section 327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

   2.    I am generally familiar with the business of the Firm and have made inquiry concerning the facts set forth herein prior to making this Verified Statement.

   3.    I am a member in good standing of the bar of the State of Arizona and the United States District Court for the District of Arizona.

   4.    Hereinafter, I refer to the Firm and myself collectively as "Counsel." In accordance with Bankruptcy Rule 2014(a), I verify that to the best of my knowledge, after inquiry, Counsel and all of the attorneys associated at Jackson White, P.C. are "disinterested persons" as that term is defined in section 101(14) of the Code, and neither Counsel nor any of the attorneys at Counsel hold any interest materially adverse to the estate.

5.  Jackson White, P.C. and its attorneys have no connections with the Debtors, creditors, other parties in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, except as follows:

   a.  In 2007, William Monahan, then employed by Jackson White, P.C., briefly advised Debtors and assisted them in connection with non-litigated business disputes involving Fire Water Storm Construction, LLC, a limited liability company the Debtors managed at the time.

   b.  Within the last year, John Skiba, then employed by Jackson White, P.C., advised Debtors in connection the preparation of their Chapter 13 petition and related pre-petition services.

   c.  About a month after the Debtors' Chapter 13 petition was filed, Mr. Skiba left the employment of Jackson White, P.C. Mr. Skiba continued to serve as counsel for Debtors with his new employer, Skiba Law Group, PLC.

   d.  Beginning October 5, 2011, Kelly Black and Jackson White, P.C. consulted with Mr. Skiba and with Debtors about the possible necessity of converting their case to one under Chapter 11. A motion to convert was filed on October 19, 2011.

   e.  Jackson White, P.C. previously represented one of Debtors' creditors, Kilpatrick, Luster & CO., CPA, PLLC in matters unconnected to the Debtors' affairs.

   f.  Jackson White, P.C. also previously represented JPMorgan Chase Bank, NA in defense of wrongful foreclosure claims. JPMorgan Chase Bank, NA is believed to be related to Chase Bank USA, NA, which assigned a claim to, or hired for collection, American Credit & Collections, LLC. The representation was in matters unconnected to the Debtors' affairs.

6.  Except as may be stated above, Counsel does not hold or represent any interest adverse to the estate of the Debtor and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

7.  Counsel practices in the area of Chapter 11 bankruptcy. As bankruptcy counsel, Counsel will assist the Debtors in taking all necessary action to protect and preserve the estate, in

negotiating with creditors and other parties in interest, in advising the Debtors in connection with this proceeding, in preparing the plan of reorganization and disclosure statement, in preparing any necessary pleadings and attending court hearings thereon, and in performing other legal services normally incident to Chapter 11 cases.

8. Before the filing of the Chapter 13 case, Counsel received $1,576.00 from Debtors, with additional sums to be paid in the then-contemplated Chapter 13 plan. Before the Motion to Convert was filed, Debtors paid Counsel $500.00, which was deposited in trust as a retainer for post-conversion fees and costs. Debtors also agreed to provide additional sums to be deposited in trust as part of the retainer for post-conversion fees and costs. Subject to this Court's jurisdiction with respect to professional fees, the Debtors agreed to compensate Counsel for its services at its usual hourly rates in effect at the time services are rendered. The Debtors also agreed to reimburse Counsel in full for its cash disbursements and for such expenses as Counsel customarily bills to its clients. The Debtors agreed to pay Counsel promptly upon allowance by the Court after appropriate application and notice.

9. The normal hourly billing rates of Jackson White, P.C. range from $65 to $350 per hour, and that rates specific to the bankruptcy practice are generally between $125 per hour for paralegals and $295 per hour for attorneys. Compensation for services rendered will be based upon normal and usual billing rates. The hourly rates are reasonable and comparable to rates charged by other attorneys in the Phoenix metropolitan area. Payments for compensation shall be made by Debtor, upon allowance, from the property of the estate and not applied by Counsel from the retainer, except at the conclusion of the case or at the election of Counsel.

10. Counsel has agreed not to share with any person or firm the compensation to be paid for services rendered in connection with this case.

11. No trustee, examiner or creditors' committee has been appointed in this case.

12. All attorney members of Jackson White, P.C. who will appear in this case are licensed to practice before this Court.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this ___ day of November, 2011.

```
 1
 2                                              JACKSON WHITE
 3                                              _____
                                                Attorneys for Debtors Garrett Wade Harrison
 4                                              and Kiresten Kei Harrison
                                                By: Kelly G. Black 016376
 5  COPY of the foregoing mailed this 23rd
    day of November, 2011 to:
 6
    Office of the U.S. Trustee
 7  230 N. First Avenue, Ste. 204
    Phoenix, AZ 85003-1706
 8
 9  By: _____
    VerifStmt.wf
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```